UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-22700-FAM

CHERYL HALL, *et al.*, on behalf of themselves
and all others similarly situated,

    Plaintiff,

v.

BANK OF AMERICA, N.A. individually and
as successor by merger to BAC HOME LOANS
SERVICING, *et al.*,

    Defendants.

_____/

## OBJECTION TO CLASS ACTION SETTLEMENT BY CARL ROSEN

{00032355() }

1

I.  INFORMATION REQUIRED BY CLASS ACTION NOTICE

   A.  CASE NAME AND NUMBER:

The case name and number is in the caption to this document.

   B.  NAME, ADDRESS, TELEPHONE NUMBER OF THE SETTLEMENT CLASS MEMBER OBJECTING AND HIS/HER COUNSEL

Carl Rosen 3168 Albany Post Road
Buchanan, NY 10511
914-330-9906

   C.  THE BASIS FOR OBJECTION

The basis for the objection is set forth in greater detail in Section II *infra*.

   D.  STATEMENT OF WHETHER OBJECTOR INTENDS TO APPEAR AT THE FINAL APPROVAL HEARING

Objector will be represented by counsel and intends to appear through counsel at the Final Approval Hearing

## II. DETAILED BASIS FOR OBJECTION

### A. There is no justification for a Claims-Made settlement.

As set forth at page 4 of the Notice to Class Members, available at https://www.hallsettlementinfo.com/Content/Documents/Detailed%20Notice.pdf (visited September 15, 2014), "[t]he total cash benefit available to Settlement Class Members is approximately $228 million." In reality, this "claims-made" settlement will result in Defendants paying only a small fraction of this amount. *See Sylvester v. Cigna Corp.*, 369 F.Supp.2d 34, 52 (D.Me. 2005) (finding that the claims made process usually results is a claim rate of less than 10%); *In re TJX Cos. Retail Security Breach Litigation*, 584 F.Supp.2d 395, 404 (D.Mass. 2008) (noting claims rates are usually only between 10% and 15%, and rarely above 50%). Although Defendants will ultimately pay a fraction of the total benefits available, class counsel are guaranteed to receive all of their requested attorney's fees—nearly $16,000,000. Courts do not look favorably on claims-made settlements for these reasons. *E.g.*, *Sylvester*, 369 F.Supp.2d at 53 (finding features such as "claims made settlements, payout caps based on 100 percent response rates, reverter clauses or clear sailing provisions ... can work in concert to produce a settlement that is unfair, inadequate and unreasonable and that in practice yields comparably little value for the class").

The first sentence in Section 1 of the Notice to Class Members highlights that Defendants *already* have sufficient information to structure a claims-paid settlement:

> This Notice was sent to you because Defendants' records indicate that a lender-placed hazard insurance policy ("LPI Policy") was issued for your residential property as early as January 1, 2008 through February 3, 2014, and that you were charged by Bank of America, as your mortgage servicer, for this LPI Policy.

*Id.* at 3. Bank of America can readily determine the amount borrowers paid for force-placed hazard insurance. Nevertheless, the settlement agreed to by the parties requires each Class

Member to submit a claims form in order to receive any funds from the settlement. The only beneficiaries of a claims-made class action settlement are class counsel and Defendants. The Seventh Circuit recently recognized:

> The defendant cares only about the size of the settlement, not how it is divided between attorneys' fees and compensation for the class. From the selfish standpoint of class counsel and the defendant, therefore, the optimal settlement is one modest in overall amount but heavily tilted toward attorneys' fees.

*Eubank v. Pella Corporation et al.*, 753 F.3d 718, 720 (7th Cir. 2014). As in *Eubank*, class counsel have "sold out the class," *id.* at 726, by guaranteeing themselves attorney's fees of $16,000,000, but requiring Class Members to take unnecessary affirmative steps to participate in any compensation.

### B. The Court should not approve the settlement due to deficiencies in the claims process.

The settlement agreement provides that the deadline to submit claims (January 27, 2015) is roughly three months after the date set for the Final Approval Hearing (October 29, 2014). *See* https://www.hallsettlementinfo.com/en (visited September 15, 2014). Class counsel and Defendants ask this Court to extinguish the claims of thousands of Bank of America borrowers even though it cannot be determined how many class members will request (and thus receive) any monetary recovery under the settlement. The Court should not finally approve the settlement before receiving information regarding the claims rate because it cannot determine whether the settlement and attorneys' fees are fair and reasonable without that information. *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 292 F. Supp. 2d 184, 189-90 (D. Me. 2003) (delaying any award of attorney fees until the court knows "how many vouchers are exercised and thus how valuable the settlement really is."). If the claims rate here were between 10 and 15% of the total cash benefit of $228 million, attorney's fees in the amount of

$16,000,000 could equal more than half of the settlement fund. *See Eubank*, 753 F.3d at 727 (explaining in rejecting proposed settlement that class members would likely receive less than 10% of the proposed settlement value and attorneys' fees would equal 56% of this amount).

Additionally, the claim form itself is confusing and intimidating. Class Members must complete, under penalty of perjury, a detailed claim form that requires the input of substantial data—for all claimants and all co-claimants—including dates of birth, social security numbers, home addresses and lender-placed insurance policy numbers. Class members must further elect whether they still owe Bank or America and have not paid for premiums or whether they have paid all or a portion of the premiums. Claimants may not even know the category in which they belong. Moreover, for those designating themselves in the second category, they must submit proof of their identity by either through witness or notary verification or the submission of either photographic identification that contains a signature or a copy of a Bank of America monthly mortgage billing statement issued to the Claimaint(s). *See* https://www.hallsettlementinfo.com/Content/Documents/Claim%20Form.pdf (visited September 16, 2014).

Because borrowers do not choose their force-placed insurance providers, and the class period dates back several years, a significant number of potential claimants certainly will not have copies of their policies available to verify such information and will not risk penalties of perjury to submit a claim when they are unsure of what is being asked. These features of the proposed settlement will further will further bring down the claims rate, which will ultimately benefit Bank of America. The complexity of the claim form is unnecessary.

### III. CONCLUSION

As Judge Posner stated in *Eubank,* this "case underscores the importance both of objectors (for they are the appellants in this case—without them there would have been no appellate challenge to the settlement) and of intense judicial scrutiny of proposed class action settlements. *Eubank*, 753 F.3d at 721. The undersigned objector respectfully requests that this Honorable Court deny final approval to the settlement for the foregoing reasons.

DATED: September \_\_\_\_\_, 2014

_____
Carl Rosen

III. CONCLUSION

As Judge Posner stated in *Eubank,* this "case underscores the importance both of objectors (for they are the appellants in this case—without them there would have been no appellate challenge to the settlement) and of intense judicial scrutiny of proposed class action settlements. *Eubank,* 753 F.3d at 721. The undersigned objector respectfully requests that this Honorable Court deny final approval to the settlement for the foregoing reasons.

DATED: September 24, 2014

_____
Carl Rosen

{00032355()}                                6

Respectfully submitted

*/s/ David D. Dishman*
DAVID D. DISHMAN, PC
224 Lewis Wharf
Boston MA 02110
617-523-5252
dave.dishman@gmail.com


Filed by Pro Hac Vice Sponsor

*/s/ Peter A. Flanagan*
SIMSES & ASSOCIATES, P.A.
400 Royal Palm Way, STE 304
Palm Beach FL 334080
561-655-8809
PFlanagan@simeslaw.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed via CM/ECF on the _____ day of September, 2014 by the same means on all counsel of record.

By *Pro Hac Vice* sponsor

*/s/ Peter A. Flanagan*